IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SCOTT ALAN GLUCK, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-cv-00478 |
| | ) JUDGE RICHARDSON |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court[1] are a Report and Recommendation of the Magistrate Judge (Doc. No. 26, "R&R") and Plaintiff Scott Alan Gluck's "Objection to the Magistrate's Report and Recommendation" (Doc. No. 27, "Objections"). Defendant Commissioner of Social Security Administration responded to Plaintiff's Objections (Doc. No. 28, "Response"). Plaintiff did not reply.

When a Magistrate Judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific

---

[1] Generally, references herein to "the Court" are references to the undersigned district judge, as opposed to the Magistrate Judge who issued the R&R to which Plaintiff has lodged the Objections.

portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[2]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. For the reasons set forth below, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

## BACKGROUND

The facts are aptly set forth in the R&R and need not be repeated here in full. (Doc. No. 26).

Plaintiff filed his application for Disability Insurance Benefits ("DIB") on July 3, 2018, alleging that he had been disabled since May 7, 2018, due to a traumatic brain injury ("TBI") and diabetes. (Doc. No. 26 at 1–2). Plaintiff's application was denied initially and again on reconsideration. (*Id.* at 2). On April 15, 2020, an Administrative Law Judge ("ALJ") conducted a hearing at which she heard the testimony of Plaintiff and a vocational expert ("VE"). (*Id.*).

When a claimant alleges that he suffers from disabling symptoms, the ALJ has a duty pursuant to Social Security Ruling ("SSR") 16-3p to consider the claimant's "statements regarding the intensity, persistence, and limiting effects of [the] symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304,

---

[2] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a). Plaintiff did not file her objections separately from a memorandum of law in support of those objections , and instead filed one document (which the Court has dubbed "[the] Objections") in response to the R&R.

at *6 (Oct. 25, 2017).³ Here, the ALJ considered Plaintiff's physical examinations, medical records, and physician assessments to determine that Plaintiff's symptoms were not as severe as she claimed and did not fully eliminate her ability to do work-related activities. (Doc. No. 26 at 14–16). Thus, the ALJ denied Plaintiff's claim, and the Appeals Council subsequently denied Plaintiff's request for review. (Doc. No. 16 at 19–35, Doc. No. 26 at 4). This action was then filed with the present Court to appeal Defendant's decision. (Doc. No. 1).

The pending R&R sets forth (and explains the basis for) the Magistrate Judge's recommendation that Plaintiff's motion for judgment on the administrative record be denied. (Doc. No. 26).

## STANDARD OF REVIEW

The critical questions before a district court in reviewing a decision by an ALJ are whether the ALJ's determination was supported by substantial evidence and whether the ALJ applied the correct legal standards. *Shelton v. Saul*, No. 2:18-cv-00093, 2020 WL 1284628, at *2 (M.D. Tenn. Mar. 18, 2020) (citing 42 U.S.C. § 405(g)). The court conducts its review under a "highly deferential," substantial-evidence standard. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 838 (M.D. Tenn. 2019). The phrase "substantial evidence" is a "term of art" used throughout administrative

---

³ SSR 16-3p rescinded and superseded SSR 96-7p, which required an ALJ to make a "credibility" determination based on a claimant's statements about the limiting effects of her alleged symptoms. 1996 WL 374186, at *1 (July 2, 1996). The updated SSR 16-3p "eliminat[es] the use of the term 'credibility' from [the Commissioner's] sub-regulatory policy" in order to clarify that an ALJ's "subjective symptom evaluation is not an examination of the claimant's character." 2017 WL 5180304, at *6 (Oct. 25, 2017). Although this updated SSR entails that ALJs are not supposed to use the word "credibility," the Court uses it herein to reference the particular finding of the ALJ, as the parties, R&R, and case law still retain the use of this term, and apparently there has been no change in the relevant analysis (and instead just a change in the term to be used by the ALJ). (Doc. No. 27 at 8 n.3). The Court does not use the term as part of some (non-existent) attempt to opine on Plaintiff's character.

law to describe how courts are to review agency factfinding. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek*, 139 S. Ct. at 1154. And, whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. *Id.* Substantial evidence is "more than a mere scintilla" and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*; *Shelton*, 2020 WL 1284628, at *2; *see also Rottman v. Comm'r of Soc. Sec.*, No. 19-2205, slip op. at 3 (6th Cir. June 19, 2020). The standard, by all accounts, amounts to "less than a preponderance of the evidence," and is met even if the record could reasonably support the opposite conclusion. *Brown v. Comm'r of Soc. Sec.*, 814 F. App'x 92, 95 (6th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Jones*, 392 F. Supp. 3d at 838 (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). Additionally, even if the ALJ makes a factual error while reaching her conclusion, the reviewing court will deem the error harmless and uphold the ALJ's decision "[s]o long as there remains substantial evidence supporting the ALJ's conclusions" and the error does not negate the validity of the ALJ's ultimate conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

## **ANALYSIS**

Plaintiff's only objection is that the Magistrate Judge failed to properly evaluate the ALJ's determination that the conclusions of Plaintiff's treating physician (Dr. Ben Rowan III), contained in the Treating Source Statement ("TSS"), were not credible. (Doc. No. 27). In support of that

objection, Plaintiff makes several arguments, each of which is placed in context and discussed below in turn.

Dr. Rowan began treating Plaintiff on May 18, 2017 and provided the TSS approximately two years later, on August 13, 2019. (Doc. No. 26 at 13). As articulated by the Magistrate Judge, C.F.R. § 404.1520c(a) states that the Commission will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). The regulation further states that:

> When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. *The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability* (paragraph (c)(1) of this section) *and consistency* (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

*Id.* (emphasis added). Based on the applicable regulations, Dr. Rowan's assessment in the TSS was not entitled to special deference by the ALJ. Instead, the regulations empower the ALJ to assess Dr. Rowan's determinations in the TSS in light of additional evidence regarding Plaintiff's condition contained in the record. And in making her credibility determination, the ALJ must give particular weight to the most important factors, namely, "supportability" and "consistency." *See id.*

Generally, an ALJ's credibility determination (in this case, determining whether Dr. Rowan's conclusions in the TSS were supported by and consistent with evidence in the record) is entitled to considerable deference and will be upheld if the ALJ's finding is "reasonable and

supported by substantial evidence." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007); *see Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016) (stating that "in practice ALJ credibility findings have become essentially unchallengeable") (internal citation and quotations omitted). Even when contradictory evidence exists, it is not the job of the Court to decide whether there was evidence weighing in favor of Plaintiff's position. *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 400 (6th Cir. 2018). Instead, the Court must decide whether there was substantial evidence to support the ALJ's decision. *Id.*; *Jones*, 392 F. Supp. 3d at 838. And if there was, then the Court cannot reverse the ALJ on the grounds that there was (conversely) evidence to support Plaintiff's position. *Mokbel-Aljahmi*, 732 F. App'x at 400; *Jones*, 392 F. Supp. 3d at 838.

Plaintiff first argues that the ALJ failed to properly consider Dr. Rowan's progress notes as support for the doctor's conclusions in the TSS. (Doc. No. 27 at 1–2). Plaintiff accuses the ALJ of cherry-picking pieces of the record and basing her decision on a "single piece of evidence." (*Id.* at 2). In doing so, Plaintiff grossly mischaracterizes the ALJ's decision. In discussing Dr. Rowan's conclusions contained in the TSS, the ALJ explicitly noted that "*the record as a whole* clearly does not support the levels of limitations" assessed by Dr. Rowan. (Doc. No. 16 at 29) (emphasis added). The ALJ goes onto explain that Dr. Rowan's conclusory assertions in the TSS contradict Plaintiff's treatment records, as well as Dr. Rowan's progress notes. (*Id.* at 29). Moreover, the ALJ explained that the recent treatment records reflected "various normal physical exam findings," including "normal muscle strength in upper and lower extremities, intact sensorium, orientation, normal heart rate and rhythm…" (*Id.* at 29). Plaintiff's argument essentially comes down to a disagreement with the ALJ regarding the weight of the evidence. The ALJ, however, properly considered the factors of "supportability" and "consistency" prescribed by the governing regulations, and her

finding was "reasonable and supported by substantial evidence" in light of the record. 20 C.F.R. § 404.1520c(a); *Rogers*, 486 F.3d at 249.

Plaintiff next asserts that the ALJ failed to explain how Plaintiff's activities of daily life ("ADLs") led her to reject Dr. Rowan's conclusions in the TSS regarding Plaintiff's residual functioning capacity ("RFC"). According to Plaintiff, the ALJ failed to provide a "logical bridge between the evidence [in this case, the ADLs] and the result [in this case, the rejection of the TSS]" and that the Magistrate Judge's acceptance of the ALJ's reasoning would create "a dangerous precedent." (Doc. No. 27 at 2). Plaintiff's argument again mischaracterizes the ALJ's decision. Plaintiff's ADLs were considered together with other pieces of contradictory evidence. For example, in the TSS, Dr. Rowan concluded that "[i]n an average workday, Plaintiff would be off task due to his condition twenty percent of the time" and "must take unscheduled break periods during an eight hour work day beyond normal breaks." (Doc. No. 16 at 29). The ALJ found these conclusions inconsistent with Plaintiff's ADLs, such as "helping take care of grandchildren and pet dog, using Facebook and phone, and doing certain household chores," as well as other pieces of evidence in the record such as treatment records and progress notes. (*Id.*).

*Gooch v. Secretary of Health & Human Services* provides helpful guidance. 833 F.2d 589 (6th Cir. 1987). In *Gooch*, the Sixth Circuit affirmed the district court's adoption of a magistrate judge's R&R despite the plaintiff's objection that (supposedly) the ALJ failed to consider the plaintiff's combination of impairments. *See id.* at 592. The Sixth Circuit found that the ALJ was not required to elaborate beyond the ALJ's reference to "consideration of the *entire record*" and the ALJ's finding that specific "impairments" did not prevent the plaintiff from working. *See id.* at 592 (emphasis original). According to the court, "[t]o require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *See id.* This is likewise true in the present

case. The ALJ considered Plaintiff's ADLs with other pieces of contradictory evidence in the record, ultimately concluding that the TSS was "unpersuasive." (Doc. No. 16 at 29). The ALJ's articulation of her reasoning was sufficient.[4]

Plaintiff goes on to argue that the ALJ improperly "played doctor" when she found that Plaintiff's conservative treatment plan contradicted Dr. Rowan's opinion contained in the TSS. (Doc. No. 27 at 3). As the Magistrate Judge pointed out, however, the ALJ was not assessing Plaintiff's credibility. (Doc. No. 26 at 17–18). Instead, the ALJ was assessing Dr. Rowan's conclusions in the TSS by using additional evidence in the record, including Dr. Rowan's treatment plan as the treating physician. (Doc. No. 16 at 29). Plaintiff cites *Underwood v. Social Security Administration* in support of his argument, but this case and the court's reasoning therein are inapposite. 2017 WL 128518 (M.D. Tenn. Jan. 11, 2017). In *Underwood*, the ALJ rejected the plaintiff's treating physician's opinions regarding an MRI and instead adopted the assessment of "non-treating, non-examining consultants who [were] not relevant specialists and who conduct[ed] a limited medical record review…" *See id.* at *8. Unlike the ALJ in *Underwood* who sided with the opinions of medical professionals with less experience with the patient than the treating physician, the ALJ here weighed Dr. Rowan's conclusions in the TSS against Dr. Rowan's *own* treatment notes and plan to assess the credibility of the TSS. Further, *Underwood* was decided when the governing regulations required the court to weigh the opinion of treating physicians more

---

[4] Plaintiff also alleges that the ALJ mischaracterized Plaintiff's ADLs by failing to note qualifiers included in Plaintiff's "Motion for Judgment on the Record" (Doc. No. 21). As noted, the ALJ is not required to list her considerations in extensive detail. If the ALJ's analysis is based on "substantial evidence," it must stand, even when there is "substantial evidence in the record that would have supported the opposite conclusion." *Jones*, 392 F. Supp. 3d at 838 (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). The ALJ's characterization of Plaintiff's ADLs was supported by substantial evidence, and the Court is not in the position to supplant the ALJ's reasoning, despite the possibility that contrary evidence is contained in the record.

heavily than the opinions of non-treating physicians. *See id.* at *7. As discussed by the Magistrate Judge, the regulations changed in March 2017, two months after *Underwood* was decided, and no longer accord special weight to the opinion of the treating physician. (Doc. No. 26 at 17). The ALJ's comparison of Dr. Rowan's conclusions against Dr. Rowan's treatment plan for Plaintiff was a reasonable method of making a credibility determination."[5]

Even if the ALJ was wrong to assess Plaintiff's treatment plan as "conservative" (a conclusion the Court does not draw), any consideration of Plaintiff's treatment plan in relation to Dr. Rowan's conclusions in the TSS was harmless error because the other contradictory evidence relied on by the ALJ are supported by the record. *See Meuzelaar v. Commissioner of Social Sec.*, 648 F. App'x 582, 585 (6th Cir. 2016) (finding ALJ's mention of "conservative treatment plan" was harmless error in credibility determination).

Plaintiff's final argument is that the ALJ's hypothetical questions posed to the VE were improper because they did not properly represent Plaintiff's credible limitations. (Doc. No. 27 at 3–4). Plaintiff concedes that the ALJ could rely on the VE's responses to hypothetical questions posed by the ALJ as long as those questions accurately reflected the Plaintiff's credible limitations. (*Id.* at 3). As discussed above, the Court finds that the ALJ's credibility determinations as to the conclusions in the TSS are adequately supported by the record, and the hypothetical questions were appropriately based on those determinations. It follows that the ALJ's reliance on the VE's responses to her hypothetical questions were proper. (Doc. No. 26 at 22–23).

---

[5] This exercise is not fairly characterized as "playing doctor." It amounts not to purporting to pronounce medical opinions or prescribe medical treatment (the way a doctor would), but rather to comparing one thing a witness said with another thing the witness said (the way a judge would). Thus, the ALJ here was performing judging, not "playing doctor." *Compare Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018) (finding that the ALJ "impermissibly 'played doctor" when he interpreted the plaintiff's MRI results without the benefit of an expert opinion).

**CONCLUSION**

For the reasons discussed herein, Plaintiff's objection is overruled, and the Court adopts the Magistrate Judge's Report and Recommendation. (Doc. No. 26). Accordingly, the Motion for Judgment on the Administrative Record is **DENIED** and this case is dismissed with prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE